(69 Misc. Rep. 618.)

### UNITED STATES GAS FIXTURE CO. OF CITY OF NEW YORK v.
### BOEHMER.

(Supreme Court, Appellate Term.   December 8, 1910.)

COURTS (§ 189*)—DEMURRER—DEMURRER ORE TENUS—STATUTE.

 Municipal Court Act (Laws 1902, c. 580) § 145, subd. 2, provides that, where a written complaint is filed, a written demurrer or answer must be filed, etc.; section 161 provides that, if a counterclaim be interposed, it must be objected to on motion or demurred to as if the counterclaim were an affirmative cause of action; and section 162 provides that a plaintiff may demur to a counterclaim or to a defense setting up new matter as insufficient in law. *Held*, that a demurrer to an answer setting up new matter need not be in writing, for the only requirements that a demurrer be in writing are to a complaint or to a counterclaim.

 [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by the United States Gas Fixture Company of the City of New York against Arthur Boehmer.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

William Weiss, for appellant.
A. L. Geilich, for respondent.

GUY, J.   This is an action brought in a Municipal Court on a written complaint, to which defendant served a written answer.   Plaintiff, on the return day, interposed an oral demurrer to the answer, which demurrer was sustained, and judgment rendered in favor of plaintiff.   The appeal herein is from said judgment, and from an order sustaining the demurrer.

Section 145, subd. 2, of the Municipal Court Act (Laws 1902, c. 580), provides:

 "In all cases where a written complaint, verified or unverified, is served with the summons, a written answer, verified if the complaint be verified, or a written demurrer, must be filed and issue joined on the return day."

It is contended by the appellant herein that the intent of this section is that a written demurrer must be interposed by either party to an action when written pleadings have been filed.   This contention does not appear to be borne out by further examination of the statute.

Section 161 provides that a counterclaim interposed by defendant—

 "must be objected to on motion, or demurred to as if the counterclaim were an affirmative cause of action set up in a complaint."

Section 162 provides that plaintiff may demur to a counterclaim or to a defense consisting of new matter on the ground that it is "insufficient in law on the face thereof."

In neither of these sections is there a provision that a demurrer to an answer or to new matter set up as a defense therein shall be in writing when the answer is in writing; the only provision of this

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

character being in section 161 that a counterclaim may be demurred to "as if the counterclaim were an affirmative cause of action set up in a complaint." The omission from these three sections of any provision that all demurrers to written pleadings shall be in writing, or that a demurrer to a written answer shall be in writing, is significant. It could hardly be an oversight, but indicates that the Legislature had in mind that the Municipal Court was intended to be a court for the speedy trial of causes, and purposely refrained from furnishing pretexts for unnecessary delay.

The judgment and order should therefore be affirmed, with costs. All concur.